UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 22-cr-20606
    Honorable Linda V. Parker

FRANK LEWIS,

    Defendant.
_____/

### OPINION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 3)

In 2010, in the United States District Court for the District of Kansas, Defendant Frank Lewis pleaded guilty to one count of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. The presiding judge sentenced him to 188 months in prison and four years of supervised release. Mr. Lewis was released from custody and began serving his supervised release term in September 2022. Presently before the Court is Mr. Lewis' motion for early termination of supervised release, filed on November 8, 2024.[1] The Government filed a response to the motion on November 25, 2024, ECF No. 6. Mr. Lewis did not file a reply brief.

---

[1] This case was transferred to the undersigned on November 16, 2022, pursuant to an administrative order. (*See* ECF No. 2.)

1

Pursuant to § 3583(e), a district court has the discretion to terminate a term of supervised release after the defendant's completion of one year of his or her supervised release term. 18 U.S.C. § 3583(e)(1). The statute instructs that early termination of supervised release should occur only when the defendant's conduct and the interests of justice warrant such action. *Id*. The Sixth Circuit has stated that "[e]arly termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (same).

Mr. Lewis contends that his supervised release term should be terminated early because (1) he has maintained consistent employment since he has been released from prison and (2) he has "met all the requirements of [his] release, such as seeing a psychologist, paying fines, passing [his] drug screenings, and meeting with [his] probation officer regularly."

The Government responds that Mr. Lewis' request should be denied because compliance with half of the statutory minimum term falls well short of what a defendant must show to justify early termination of supervised release. The Government also notes that Mr. Lewis "offers nothing exceptional in favor of early termination" and the seriousness of the underlying offense and his past criminal

2

history make his current supervised release term necessary to deter future crime. The Court agrees.

The Court is not convinced that circumstances exist to warrant early termination of Mr. Lewis' supervised release term. The Court acknowledges Mr. Lewis' efforts to avoid further trouble with the criminal justice system. His continued compliance with the rules governing his release and his job successes are laudable. However, these reasons are not enough to justify modification at this time. *See United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (citing *United States v. Givens*, No. CR 5:14-074-DCR, 2022 WL 2820081, at *1 (E.D. Ky. July 19, 2022) ("[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.")

Mr. Lewis may file a motion a year from the date of this Order and the Court will reconsider his request.

Accordingly,

**IT IS ORDERED** that Mr. Lewis' motion for early termination of supervised release, ECF No. 3, is **DENIED**.

**SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 16, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 16, 2025, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager